# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SHANNON M. PETERS, | |
| Plaintiff, | No. C12-4070-MWB |
| vs. | **ORDER** |
| MICHELLE RISDAL, et al. | |
| Defendants. | |

The defendants have filed a motion (Doc. No. 69) to bifurcate the trial of this case, which is scheduled to begin December 16, 2013. Plaintiff has filed a resistance (Doc. No. 74) and the defendants have filed a reply (Doc. No. 76). No party has requested oral argument and, in any event, I find that oral argument is not necessary.

Defendants note that Judge Bennett's recent summary judgment ruling narrowed this case to two claims and that one claim is not cognizable unless plaintiff prevails on the other. Specifically, plaintiff may prevail on her free speech retaliation claim only if the jury finds in her favor on her other claim, which alleges the use of excessive force. Defendants contend that they will suffer prejudice if both claims are tried together. They also contend that bifurcation will eliminate the risk of juror confusion, expedite and economize judicial resources and avoid the possibility of inconsistent results. As such, they ask that the upcoming trial be limited to the excessive force claim, with plaintiff's retaliation claim being tried later, and only if plaintiff prevails on the excessive force claim.

Plaintiff disagrees that bifurcation is appropriate. She denies that defendants will suffer prejudice if the two claims are tried together and, indeed, contends that bifurcation would have the opposite effect on judicial resources of that claimed by defendants. She

also notes that defendants' concerns about jury confusion can be resolved by appropriate instructions and verdict form questions.

I agree with plaintiff. The Rules of Procedure do authorize a separate trial of one or more separate issues when necessary "[f]or convenience, to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b). However, as I recently noted in in another case, bifurcation is a procedural tool that should be used sparingly:

> [C]ourts have recognized that bifurcation is "is the exception, not the rule." *See, e.g., L–3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005). As one court has explained:
>
>> a court should begin its analysis with the Advisory Committee's admonition that "separation of issues for trial is not to be routinely ordered." Advis. Comm. Notes, 1996 Amend., Fed.R.Civ.P. 42(b). Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time. *See, e.g., Miller v. Am. Bonding Co.*, 257 U.S. 304, 307, 42 S. Ct. 98, 66 L. Ed. 250 (1921) ("The general practice is to try all the issues in a case at one time."); *Monaghan v. SZS 33 Assocs., L.P.*, 827 F.Supp. 233, 245 (S.D.N.Y. 1993).
>
> *Lewis v. City of New York*, 689 F.Supp.2d 417, 428 (E.D.N.Y. 2010); *accord Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir. 1976); *SenoRx, Inc. v. Hologic, Inc.*, 920 F.Supp.2d 565, 568 (D. Del. 2013); *Svege v. Mercedes–Benz Credit Corp.*, 329 F.Supp.2d 283, 284 (D. Conn. 2004); *Kos Pharm., Inc. v. Barr Labs.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003) ("the circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases"); *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992).

*Daniels v. City of Sioux City*, ___ F.R.D. ___, 2013 WL 5082696 at *2-*3 (N.D. Iowa Sept. 13, 2013). Having reviewed their arguments carefully, I find that the defendants have not come close to showing that bifurcation is appropriate.

Plaintiff has two remaining claims to submit to the jury. Both claims arise from the same limited set of events. On the surface, there is nothing remotely unique, or arguably prejudicial, about asking the same jury to resolve both claims.

The fact that the jury may consider one claim only if it finds for the plaintiff on the other is also far from unique. Many trials, such as those presenting a claim for punitive damages, include claims that the jury may consider only if it first makes certain findings as to other claims. The solution in those cases, and the solution here, is the use of appropriate jury instructions and verdict form questions. The verdict form in this case can easily guide the jurors through the process of resolving the remaining claims by advising them, *inter alia*, to answer questions about the retaliation claim only if they find for plaintiff on the excessive force claim.

The only possible, potential prejudice to defendants relates to the fact that some evidence offered at trial may be relevant only to the retaliation claim. Again, however, any trial involving multiple claims is likely to include some evidence that relates only to one particular claim. Here, if the "retaliation only" evidence was particularly graphic or inflammatory, then perhaps defendants would have a valid argument that such evidence would unfairly impact the jury's consideration of the excessive force claim. Defendants make this argument in conclusory form (*see* Doc. No. 69-1 at 4-5) but do not identify any specific evidence that could actually cause reasonable jurors to decide the excessive force claim for improper reasons. I find that any alleged prejudice is purely hypothetical and, in any event, is not likely to be so severe as to justify bifurcation.

Finally, I agree with plaintiff that bifurcation would create an unnecessary risk of wasting time and resources. Nothing about this case justifies empaneling two separate juries and conducting two separate trials. I find that one jury can fairly hear all of the evidence and deliberate over all of the issues in this case at one time.

For the reasons set forth herein, defendants' motion to bifurcate (Doc. No. 69) is **denied.** The remaining claims in this case will be tried together.

**IT IS SO ORDERED.**

**DATED** this 27th day of November, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE